UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HIGHER TASTE, a Washington nonprofit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF TACOMA, a metropolitan municipal corporation; METROPOLITAN PARK DISTRICT OF TACOMA, a department of the City of Tacoma; JACK C. WILSON, Executive Director of the Metropolitan Park District of the City of Tacoma,<br><br>    Defendants. | CASE NO. C10-5252BHS<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR ORAL ARGUMENT ON MOTION FOR PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff's ex parte motion for a temporary restraining order ("TRO") and for preliminary injunction. Dkt. 2. The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file and hereby denies the motion for a TRO and sets a hearing on the motion for a preliminary injunction, for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On April 14, 2010, Plaintiff filed its complaint. Dkt. 1. On April 15, 2010, Plaintiff filed its motion for TRO. Dkt. 2. On April 15, 2010, this matter was reassigned to the undersigned. Dkt. 4. On April 16, 2010, Mark R. Roberts filed an appearance on behalf of

ORDER - 1

Defendants. On April 19, 2010, Defendants filed a response to the motion for a TRO and preliminary injunction. Dkt. 10. On April 21, 2010, Plaintiff replied. Dkt. 13.

## II. FACTUAL BACKGROUND

"Plaintiff, Higher Taste, is a nonprofit, religious corporation organized and operated under the laws of the State of Washington." Complaint ¶ 4. Plaintiff's "specific purpose is to propagate, through the dissemination of educational literature and other expressive items, such as messagebearing T-shirts, the principles of non-violence, animal protection, vegetarianism, and spiritual ecology (as set forth in the Vedic literatures of ancient India) to interested members of the public." *Id*.

Defendants are the City of Tacoma ("City"); the Metropolitan Park District of Tacoma ("Metropolitan"), an independent government agency division of the City of Tacoma; and Jack C. Wilson ("Wilson"), the executive director of Metropolitan. *Id*. ¶¶ 5-7.

This matter concerns Plaintiff's activities at or around the Point Defiance Zoo and Aquarium ("Zoo"), which is located within the City of Tacoma. Plaintiff's activities include, among other things, the display, sale, or exchange for donation of message-bearing T-shirts at or around the Zoo. *Id*. ¶ 8. Plaintiff began these activities in or around 1993. *Id*. ¶ 14. At that time Plaintiff was engaged in such activities "on the walkways leading to and in front of the Zoo." *Id*.

In 1995, Plaintiff alleges, Metropolitan "instituted a permit system that sought to impose a 'vendor fee' of ten dollars per day, or ten per cent of [Plaintiff's] daily gross, whichever is greater. The Park District also sought to limit [Plaintiff's] permit periods to five day intervals." *Id*. ¶ 15. Plaintiff formally protested this measure; it was never enforced. *Id.* ¶ 16.

In 2005, Metropolitan adopted a resolution, which Plaintiff claims affected its First Amendment right to speech. Complaint ¶¶ 17-19 (noting that the Metropolitan urged the

ORDER - 2

City to adopt an ordinance with the "same restriction"). In 2007, the City passed Tacoma, Wash. Mun. Code § 8.27.090. *Id.* ¶ 19. This ordinance provides that "No person, except duly authorized concessionaires, and those having a specific permit, shall sell or offer for sale in any park any goods, refreshments, photographs, or other articles." *Id.* (quoting § 8.27.090).

Plaintiff contends that the following occurred after the City passed the ordinance:

> [Plaintiff] was prohibited from selling its message-bearing T-shirts on the walkways leading to and in front of the Zoo, or distributing their T-shirts in exchange for a voluntary donation. However, at that time, an alternative location was provided on level B of the parking lot, which is well over 100 yards from the walkways leading to and in front of the Zoo.

*Id.* ¶ 20. Plaintiff also alleges that in March of 2010, a Zoo official put up a sign proclaiming "Free T-shirts" and would not permit Plaintiff to remove this sign, which was false. Dkt. 2-2, Declaration of David Liberman ¶ 13.

In June 2010, Plaintiff alleges, Defendants informed Plaintiff that it could no longer sell or receive donations for their T-shirts in Location B. Complaint ¶ 24. Further, Plaintiff alleges that its representatives were "informed that if they engaged in such activities anywhere on Zoo property, the police would be called and they would be removed from the premises under threat of arrest and prosecution." *Id.*

The present motion followed these events. *See id.*

## DISCUSSION

**A.   TRO**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 (Dkt. 1, Complaint ¶ 1), challenging the constitutionality of Tacoma, Wash. Mun. Code § 8.27, et seq., and Metropolitan Park District Resolution No. 40-45. *Id.* Plaintiff moves the Court to order a TRO against Defendants preventing their enforcement of an ordinance, which Plaintiff alleges to be an unconstitutional restriction of its First Amendment right to speech. Dkt. 2.

ORDER - 3

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008). Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even assuming, without deciding, that Plaintiff could establish that (1) it is likely to succeed on the merits, (2) the balance of equities tipped in its favor, and (3) granting an injunction is in the public interest, Plaintiff must also establish that irreparable harm would occur in the absence of preliminary relief. *Winter*, 129 S. Ct. 376.

Plaintiff acknowledgess in its complaint that the issues it now complains of began not later than 2005, upon passage of a park district resolution by Metropolitan. *See* Dkt. 10 at 3; *see also* Complaint ¶ 24. These facts leave the Court unpersuaded by Plaintiff's claim of irreparable harm considering that approximately five years have passed since the adoption of the park resolution that purportedly banned their efforts to disseminate their message.

ORDER - 4

Further, Plaintiff has not indicated in its briefing whether it attempted to acquire or was ever denied a permit pursuant to § 8.27.090. Plaintiff also does not appear to take issue with the permitting process itself. Absent more facts, it appears to the Court that Plaintiff has shown nothing more than its right to accept donations for, or offer for sale, T-shirts at or around the Zoo's entrance has been conditioned on the issuance of a permit consistent with § 8.27.090. This seems to leave open many alternatives for Plaintiff to disseminate its stated message on T-shirts or otherwise. These facts weigh against a finding of irreparable harm for the purpose of ordering a TRO against Defendants.

Plaintiff further asserts concerns over being arrested should it continue to sell or require donations for its T-shirts on or around Zoo property. *See* Dkts. 2-2 – 2-3. Plaintiff also alleges that a Zoo official placed a sign proclaiming "free T-shirts" next to its alternative location and would not permit its removal even though the T-shirts are not being given away for free. *Id*. The Court views these allegations to be insufficient to establish the irreparable harm element necessary for prevailing on a motion for a TRO.

Taken together, these facts suggest to the Court that, at this time, Plaintiff has not established that irreparable harm will occur if the Court declines to issue a TRO. *See Winter*, 129 S. Ct. 376 (requiring such a showing). To the extent Plaintiff predicates its showing of irreparable harm on its asserted loss of its freedom of speech, the Court notes that it is unclear whether Plaintiff is likely to succeed on the merits. Therefore, because Plaintiff has not adequately met its burden to be granted preliminary injunctive relief, the Court denies the motion for a TRO.

**B.    Preliminary Injunction**

In its motion for a TRO, Plaintiff also requests relief in the form of a preliminary injunction asserting the same arguments. Dkt. 2. Defendants have responded in opposition to this motion. Dkt. 10. Defendants may file a supplemental response in opposition to Plaintiff's motion on or before May 7, 2010. Plaintiff may file a supplemental reply on or

before May 14, 2010. A hearing for oral argument on the motion for preliminary injunction is set for May 18, 2010, at 2:00 p.m.

### III. ORDER

Therefore, it is hereby **ORDERED** that

(1) Plaintiff's motion for TRO is **DENIED**;

(2) The parties **MAY FILE** supplemental briefing as discussed herein.

(3) A **HEARING** on the preliminary injunction motion is **GRANTED** as discussed herein.

DATED this 21st day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6