UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HIGHER TASTE,

            Plaintiff,

    v.

CITY OF TACOMA, et al.,

            Defendants.

CASE NO. C10-5252 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on its order requesting supplemental briefing on the issue of attorney's fees (Dkt. 61) per the Ninth Circuit's opinion reversing and remanding the case for the Court to award Plaintiff attorney's fees for proceedings before this Court. Dkts. 56 (Opinion) & 57 (Mandate). Additionally, the Ninth Circuit also issued an order transferring the appellant's request for attorney's fees on appeal to this Court. Dkt. 58. Therefore, this order addresses both Plaintiff's request for an award of attorney's fees and expenses for district and appellate court practice.

On August 12, 2013, Defendants filed a supplemental brief regarding Plaintiff's request for attorney fees. Dkt. 62. On August 16, Plaintiff filed a supplemental brief in support of their request for attorney's fees. The Court has considered the pleadings filed in support of and in opposition to Plaintiff's request for attorney's fees and the remainder

ORDER - 1

of the file. For the reasons stated herein, the Court grants their motion for attorney's fees as set forth below.

Plaintiff claims it should be awarded attorney's fees and reasonable expenses of counsel totaling $139,331.50 as follows:

> **District Court: $74,472.25 in combined attorneys fees and expenses**, as detailed at pages 11-12 of the initial attorney's fees motion, **Dkt. No. 44-1**.
> **$9,858.75 in additional fees expended in the District Court after remand**, as reflected in the accompanying declarations of David M. Liberman and Robert C. Moest.
> **Ninth Circuit**: $23,693.75 in attorney's fees for Robert C. Moest, $30,340.00 attorney's fees for David M. Liberman, and $962.25 reimbursement for expenses (primarily travel expenses and the $445 filing fee for the appeal (deposited with the District Court), for a **total of $54,999**.

Dkt. 64 at 7 (emphasis in original). In Plaintiff's initial motion for attorney's fees for work performed in the district court, it summarizes the breakdown by each attorney's hours, fees and expenses as follows:

> The amount of attorneys fees encompassed by this motion are summarized as follows: for Mr. Liberman, the accompanying declaration shows that a total of 123.90 hours were expended through September 26, 2011. At the rate of $400 per hour, Mr. Liberman's fees are $49,560.00. For Robert C. Moest, a total of 44.57 hours were expended through September 26, 2011. At the rate of $425 per hour, Mr. Moest's fees are $18,942.25. For Simon Kvusnyk, the accompanying declaration shows that a total of 21.6 hours were expended through September 26, 2011. At the rate of $200 per hour, Mr. Kvusnyk's fees are $4,320.00

Dkt. 41 at 16.

In summary, Defendants maintain that Plaintiff's counsel is entitled to $250.00 per hour for each attorney. Dkt. 62 at 2. They also argue that 129.21 hours of work (not 190.07) before the district court is the time Plaintiff's counsel reasonably should have expended, making their total fee award for the district

1  court practice $32,302.50. *Id*. For the Ninth Circuit proceedings, Defendants

2  maintain that like the hourly rate for district court practice, Plaintiff's attorneys

3  should be awarded $250.00 for 81.9 hours of work, rather than the 131.6 Plaintiff

4  claims. *Id*. Given the foregoing, Defendants maintain that Plaintiff's total award

5  of attorney fees should be $52,777.50. *Id*.

6        The first step in the Lodestar analysis is to determine an hourly rate for

7  counsel's work. The burden is on them "to produce satisfactory evidence" of the

8  relevant market rate. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). This is to be

9  calculated "according to the prevailing market rates in the relevant community."

10  *Id*.

11        Secondly, with respect to hours expended, the lodestar analysis must reflect the

12  time "reasonably" expended on the litigation—excluding excessive, redundant, or

13  unnecessary hours. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (9th Cir. 2001)

14        Although Plaintiff has cited to various cases in support its argument that counsel

15  are entitled to $400 to $425 per hour for attorneys Lieberman and Moest, respectively,

16  the more compelling evidence is that submitted by the Defendants. In particular, the

17  declaration of a long-time, well-respected litigator, who is an experienced practitioner in

18  the area of civil rights litigation, Stephen Larsen (Larsen), provides the necessary

19  information about prevailing market rates for civil rights litigation in this community.

20  Dkt. 63-6 at 26-27. Larsen's declaration indicates that his hourly billing rate for civil

21  rights litigation is $275.00 an hour. *Id*. at 27. Additionally, Larsen, a practitioner since

22  1973, states that in his experience at firms that specialize in civil rights litigation "the

1  prevailing rate for the majority of attorneys practicing in this area of the law in Western

2  Washington is no higher than my rate of $275.00 an hour." *Id.*  The additional

3  declarations submitted by Defendants are also persuasive and consistent with Larsen's

4  view, as they indicate a similar prevailing rate for civil rights litigators of $250.00 per

5  hour.  *See* Dkts. 63-6 at 23 and 30 (Declarations of Mark Roberts and Thomas Miller,

6  respectively).  Thus, the Court concludes from the evidence submitted in this case that the

7  prevailing hourly rate for civil rights litigation in Western Washington is $275.00.

8      Therefore, attorneys Lieberman and Moest are awarded an hourly rate of $275.00

9  for both their district court and appellate practice.  As Plaintiff requests, associate counsel

10  Kvusnyk will be awarded $200.00 an hour for his district court practice.  Dkt. 41 at 16.

11  In terms of hours expended, the Court does not find the hours Plaintiff's counsel claims

12  to have expended unreasonable; therefore, counsel is entitled to receive payment for each

13  hour of work claimed.  Plaintiff is also entitled to the expenses requested, so long as they

14  are not already accounted for within the hourly rate for attorney's fees, *e.g.* travel

15  expenses and the Ninth Circuit filing fee.

16      Therefore, it is hereby **ORDERED** that Plaintiffs motion for attorney's fees is

17  granted with the qualifications as set forth above.

18      Dated this 3rd day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge